**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| SBA Telecommunications, LLC; SBA Sites, LLC; SBA Towers II LLC; SBA Towers, LLC; SBA Properties, LLC; SBA Towers V, LLC; SBA Towers VII, LLC; SBA Towers IV, LLC; SBA Towers VI, LLC; TV6 Holdings LLC; SBA Towers IX, LLC; SBA Structures, LLC; SBA Towers X, LLC; SBA Monarch Towers I, LLC; SBA Monarch Steel, LLC; SBA Monarch Towers III, LLC; SBA 2012 TC Assets, LLC; SBA Towers VIII, LLC; SBA GC Towers, LLC; SBA Infrastructure, LLC; SBA Towers III LLC; SBA Steel LLC; SBA Steel II, LLC; SBA Towers XI, LLC; and SBA BTS, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> DISH Wireless L.L.C., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **ANSWER** <br><br> Civil Case No. 1:26-cv-00218-MAV <br><br> **JURY TRIAL DEMANDED** |

Defendant DISH Wireless L.L.C. ("Defendant" or "DISH Wireless"), by and through its undersigned attorneys, submits this Answer ("Answer") to the Complaint, Dkt. No. 1 ("Complaint"), filed by Plaintiffs SBA Telecommunications, LLC; SBA Sites, LLC; SBA Towers II LLC; SBA Towers, LLC; SBA Properties, LLC; SBA Towers V, LLC; SBA Towers VII, LLC; SBA Towers IV, LLC; SBA Towers VI, LLC; TV6 Holdings LLC; SBA Towers IX, LLC; SBA Structures, LLC; SBA Towers X, LLC; SBA Monarch Towers I, LLC; SBA Monarch Steel, LLC; SBA Monarch Towers III, LLC; SBA 2012 TC Assets, LLC; SBA Towers VIII, LLC; SBA GC Towers, LLC; SBA Infrastructure, LLC; SBA Towers III LLC; SBA Steel LLC; SBA Steel II, LLC; SBA Towers XI, LLC; and SBA BTS, LLC (collectively, "Plaintiffs" or "SBA"). Unless otherwise stated, capitalized terms herein have the same meaning as in the Complaint. To the

1

extent Defendant uses terms in this Answer defined in the Complaint, that use is not an acknowledgment or admission of any characterization Plaintiffs may have ascribed to such defined terms.

No response is required to the various headings, subheadings and footnotes throughout the Complaint. To the extent that responses are required to such headings, subheadings and footnotes, they are denied. To the extent that any allegation is not specifically admitted, it is denied.

To avoid any doubt, Defendant denies each and every allegation in the Complaint except as specifically admitted herein. Throughout the Complaint, Plaintiffs have cited press releases, public statements, and public filings as purported evidentiary support for their factual allegations. In referring to these documents in response to specific allegations, Defendant does not concede that Plaintiffs have accurately described the documents or admit to the accuracy of any statements contained in those documents.

Defendant reserves the right to challenge the relevance and admissibility of the allegations and all sources and documents referred to or purportedly quoted in the Complaint. Defendant further reserves the right to amend and/or supplement this Answer.

Subject to the foregoing, as and for its answer to the Complaint, Defendant answers as follows:

## NATURE OF THE ACTION

1. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1, and therefore denies them.

2. Defendant denies the allegations in Paragraph 2, except admits that on July 26, 2019, DISH Network Corporation publicly announced that it would enter the U.S. wireless market as the fourth nationwide facilities-based network competitor after reaching agreements with the

Antitrust Division of the U.S. Department of Justice, T-Mobile US, Inc. and Sprint Corporation to acquire a number of spectrum licenses across several bands, and made public commitments to the FCC regarding network buildout.

3.    Defendant denies the allegations in Paragraph 3, except admits that (i) in May 2018, Defendant's subsidiary, Gamma Purchasing L.L.C., n/k/a DISH Wireless Leasing L.L.C., and SBA Telecommunications, LLC entered into the Master Lease Agreement ("MLA"), attached to the Complaint as Exhibit 1, (ii) in February 2021, Defendant and SBA Telecommunications, LLC entered into a First Amendment to the Master Lease Agreement ("FAMLA"), attached to the Complaint as Exhibit 2, and (iii) Defendant and various SBA entities entered into certain Supplements to Master Lease Agreement (the "SLAs," and together with the MLA and FAMLA, the "Agreements").  Defendant further admits that Plaintiffs purport to characterize excerpts of the Agreements, and Defendant refers to the Agreements for their full contents, but denies any characterization thereof that is inconsistent with the Agreements.

4.    Defendant admits that on August 8, 2023, DISH Network Corporation announced a merger transaction with EchoStar Corporation, and that the merger closed on December 31, 2023, making DISH Network Corporation a wholly-owned subsidiary of EchoStar Corporation.

5.    Paragraph 5 contains legal arguments or conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 5. Defendant further denies that there have been any defaults under the Agreements, denies that it owes Plaintiffs any payments, and states that Defendant's performance under the Agreements, including any requirement to pay Plaintiffs, has been excused as a result of certain unprecedented and unforeseeable actions of the Federal Communications Commission (the "FCC").

6.     Defendant denies the allegations in Paragraph 6, except admits that (i) EchoStar Corporation is DISH Wireless's ultimate parent company, (ii) as a result of the unprecedented and unforeseeable actions by the FCC, EchoStar Corporation and certain of EchoStar Corporation's subsidiaries that own the spectrum licenses at issue (which do not include DISH Wireless) (collectively, "EchoStar") were forced to negotiate the sale of certain spectrum licenses to AT&T, which sale was announced on August 26, 2025 (the "AT&T Transaction"), and the sale of certain spectrum licenses and MSS Authorizations to SpaceX, which sales were announced on September 8, 2025 and November 6, 2025 (collectively, the "SpaceX Transaction," and together with the AT&T Transaction, the "Transactions"), (iii) the unprecedented and unforeseeable actions by the FCC were unrelated to any of EchoStar's or Defendant's obligations to the FCC, (iv) the Transactions are subject to certain closing conditions, including regulatory approval, (v) closing of the AT&T Transaction is expected in 2026, subject to certain conditions, including regulatory approval, and (vi) closing of the SpaceX Transaction is expected in 2027, subject to certain conditions, including regulatory approval.

7.     Paragraph 7 contains legal arguments or conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 7, and denies that Plaintiffs are entitled to any damages.

## PARTIES

8.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8, and therefore denies them, except admits that SBA Telecommunications, LLC is a signatory to the MLA, attached to the Complaint as Exhibit 1, and Defendant refers to that document for its full contents, but denies any characterization thereof that is inconsistent with that document.

9. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9, except admits that SBA Sites, LLC is a signatory to certain SLAs.

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10, except admits that SBA Towers II, LLC is a signatory to certain SLAs.

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11, except admits that SBA Towers, LLC is a signatory to certain SLAs.

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12, except admits that SBA Properties, LLC is a signatory to certain SLAs.

13. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13, except admits that SBA Towers V, LLC is a signatory to certain SLAs.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14, except admits that SBA Towers VII, LLC is a signatory to certain SLAs.

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15, except admits that SBA Towers IV, LLC is a signatory to certain SLAs.

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16, except admits that SBA Towers VI, LLC is a signatory to certain SLAs.

17.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17, except admits that TV6 Holdings, LLC is a signatory to certain SLAs.

18.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18, except admits that SBA Towers IX, LLC is a signatory to certain SLAs.

19.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19, except admits that SBA Structures, LLC is a signatory to certain SLAs.

20.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20, except admits that SBA Towers X, LLC is a signatory to certain SLAs.

21.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21, except admits that SBA Monarch Towers I, LLC is a signatory to certain SLAs.

22.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22, except admits that SBA Monarch Steel, LLC is a signatory to certain SLAs.

23.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23, except admits that SBA Monarch Towers III, LLC is a signatory to certain SLAs.

24. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24, except admits that SBA 2012 TC Assets, LLC is a signatory to certain SLAs.

25. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25, except admits that SBA Towers VIII, LLC is a signatory to certain SLAs.

26. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26, except admits that SBA GC Towers, LLC is a signatory to certain SLAs.

27. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27, except admits that SBA Infrastructure, LLC is a signatory to certain SLAs.

28. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28, except admits that SBA Towers III, LLC is a signatory to certain SLAs.

29. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29, except admits that SBA Steel, LLC is a signatory to certain SLAs.

30. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30, except admits that SBA Steel II, LLC is a signatory to certain SLAs.

31.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31, except admits that SBA Towers XI, LLC is a signatory to certain SLAs.

32.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32, except admits that SBA BTS, LLC is a signatory to certain SLAs.

33.    Defendant denies the allegations in Paragraph 33, except admits that (i) in May 2018, Defendant's subsidiary, Gamma Purchasing L.L.C., n/k/a DISH Wireless leasing L.L.C., and SBA Telecommunications LLC entered into the MLA, attached to the Complaint as Exhibit 1, (ii) in February 2021, Defendant and SBA Telecommunications, LLC entered into the FAMLA, attached to the Complaint as Exhibit 2, (iii) Defendant and various SBA entities entered into certain SLAs, and (iv) the allegations in the second, third, fourth, fifth, sixth, and seventh sentences of Paragraph 33.

## JURISDICTION AND VENUE

34.    Paragraph 34 contains legal arguments or conclusions to which no response is required.  To the extent a response is required, Defendant does not contest that this Court has jurisdiction over this action.

35.    Paragraph 35 contains legal arguments or conclusions to which no response is required.  To the extent a response is required, Defendant does not contest that this Court has personal jurisdiction over Defendant, and it does not contest that venue in this Court is proper.

## FACTUAL ALLEGATIONS

### I.    The Wireless Market And DISH's 5G Network Buildout

36.    Defendant denies the allegations in Paragraph 36, except admits that Defendant required access to and leased physical infrastructure to operate its wireless network.

37. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37, and therefore denies them.

38. Defendant denies the allegations in Paragraph 38, except admits that Defendant required access to and leased physical infrastructure to operate its wireless network.

39. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39, and therefore denies them.

40. Defendant denies the allegations in Paragraph 40, except admits that (i) on July 26, 2019, DISH Network Corporation publicly announced that it would enter the U.S. wireless market as the fourth nationwide facilities-based network competitor after reaching agreements with the Antitrust Division of the U.S. Department of Justice, T-Mobile US, Inc. and Sprint Corporation to acquire a number of spectrum licenses across several bands, and made public commitments to the FCC regarding network buildout, and (ii) in July 2020, DISH Network Corporation acquired certain assets and liabilities associated with Boost Mobile from T-Mobile US, Inc., following T-Mobile US, Inc.'s merger with Sprint Corporation.

41. Defendant denies the allegations in Paragraph 41, and states that (i) in July 2020, DISH Network Corporation acquired certain assets and liabilities associated with Boost Mobile from T-Mobile US, Inc., following T-Mobile US, Inc.'s merger with Sprint Corporation, (ii) Boost Mobile is a wireless carrier that offers prepaid and postpaid mobile phone plans, and (ii) DISH Network Corporation made public commitments to the FCC regarding network buildout. Defendant further states that Plaintiffs purport to characterize excerpts of a public filing, and Defendant refers to that public filing for its full contents, but denies any characterization thereof that is inconsistent with that public filing.

42.     Defendant denies the allegations in Paragraph 42, and states that Plaintiffs purport to quote and characterize excerpts of a public statement by DISH Network Corporation, and Defendant refers to the public statement for its full contents, but denies any characterization thereof that is inconsistent with that public statement.

## II.     SBA And DISH Execute The MLA And SLAs

43.     Defendant denies the allegations in Paragraph 43, except admits that (i) in May 2018, Defendant's subsidiary, Gamma Purchasing L.L.C., n/k/a DISH Wireless Leasing L.L.C., and SBA Telecommunications, LLC entered into the MLA, attached to the Complaint as Exhibit 1, (ii) in February 2021, Defendant and SBA Telecommunications entered into the FAMLA, attached to the Complaint as Exhibit 2, (iii) Defendant and various SBA entities entered into certain SLAs, and (iv) Plaintiffs purport to characterize excerpts of those documents and Defendant refers to those documents for their full contents, but denies any characterization thereof that is inconsistent with those documents.

44.     Defendant denies the allegations in Paragraph 44, except admits that Plaintiffs purport to characterize the Agreements, and Defendant refers to those documents for their full contents, but denies any characterization thereof that is inconsistent with those documents.

45.     Defendant denies the allegations in Paragraph 45, except admits that Plaintiffs purport to characterize excerpts of the Agreements, and Defendant refers to those documents for their full contents, but denies any characterization thereof that is inconsistent with those documents.

46.     Paragraph 46 contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 46.

47.     Paragraph 47 contains legal arguments or conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 47,

except admits that Plaintiffs purport to characterize excerpts of the Agreements, and Defendant refers to those documents for their full contents, but denies any characterization thereof that is inconsistent with those documents.

48. Paragraph 48 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 48, except admits that Plaintiffs purport to characterize excerpts of the Agreements, and Defendant refers to those documents for their full contents, but denies any characterization thereof that is inconsistent with those documents.

49. Paragraph 49 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 49 except admits that Plaintiffs purport to quote and characterize excerpts of the FAMLA, attached to the Complaint as Exhibit 2, and Defendant refers to the FAMLA for its full contents, but denies any characterization thereof that is inconsistent with that document.

50. Paragraph 50 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 50, except admits that Plaintiffs purport to quote and characterize excerpts of the Agreements, and Defendant refers to those documents for their full contents, but denies any characterization thereof that is inconsistent with those documents.

51. Paragraph 51 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 51, except admits that Plaintiffs purport to quote and characterize excerpts of the MLA, attached to the Complaint as Exhibit 1, and Defendant refers to the MLA for its full contents, but denies any characterization thereof that is inconsistent with that document.

52.     Paragraph 52 contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 52.

### III.   Following An FCC Inquiry, EchoStar Elects To Sell Spectrum Licenses To AT&T And SpaceX

53.     Defendant denies the allegations in Paragraph 53, except admits that (i) on December 31, 2023, EchoStar Corporation completed its acquisition of DISH Network Corporation, (ii) Plaintiffs purport to quote and characterize excerpts of a public filing, and Defendant refers to that public filing for its full contents, but denies any characterization thereof that is inconsistent with that public filing.

54.     Defendant denies the allegations in Paragraph 54, except admits that (i) on May 9, 2025, FCC Chairman Brendan Carr wrote to EchoStar Corporation's Chairman Charles Ergen, and (ii) on May 27, 2025 and June 6, 2025, EchoStar Corporation filed reply comments in FCC Dockets Nos. 25-173 and 22-212.   Defendant further states that EchoStar made various commitments to the FCC, all of which EchoStar has complied with.  Defendant further states that Plaintiffs purport to quote and characterize public filings, and Defendant refers to those public filings for their full contents, but denies any characterization thereof that is inconsistent with those public filings.

55.     Defendant denies the allegations in Paragraph 55, except admits that (i) as a result of unprecedented and unforeseeable actions by the FCC, EchoStar was forced to enter into the AT&T Transaction, and (ii) closing of the AT&T Transaction is expected in 2026, subject to certain conditions, including regulatory approval.

56.     Defendant denies the allegations in Paragraph 56, except admits that (i) as a result of unprecedented and unforeseeable actions by the FCC, EchoStar was required to enter into the AT&T Transaction, and (ii) closing of the AT&T Transaction is expected in 2026, subject to

certain conditions, including regulatory approval.  Defendant further admits that Plaintiffs purport to characterize excerpts of the agreement concerning the AT&T Transaction, and Defendant refers to that document for its full contents, but denies any characterization thereof that is inconsistent with that document.

57.    Defendant denies the allegations in Paragraph 57, except admits that (i) as a result of unprecedented and unforeseeable actions by the FCC, EchoStar was required to enter into the SpaceX Transaction, and (iii) closing of the SpaceX Transaction is expected in 2027, subject to certain conditions, including regulatory approval.  Defendant further admits that Plaintiffs purport to characterize excerpts of the agreement concerning the SpaceX Transaction, and Defendant refers to that document for its full contents, but denies any characterization thereof that is inconsistent with that document.

58.    Defendant denies the allegations in Paragraph 58, except admits that EchoStar publicly disclosed that on September 8, 2025 FCC Chairman Brendan Carr sent a follow-up letter to Mr. Ergen, stating that the FCC Chairman had directed the staff of the FCC to terminate the agency's investigation of EchoStar Corporation as set forth in the FCC's May 9, 2025 letter.

59.    Defendant denies the allegations in Paragraph 59.

60.    Defendant denies the allegations in Paragraph 60, except admits that Plaintiffs purport to quote and characterize excerpts of a public filing, and Defendant refers to the public filing for its full contents, but denies any characterization thereof that is inconsistent with the public filing.

61.    Defendant denies the allegations in Paragraph 61, except admits that (i) following unprecedented and unforeseeable conduct by the FCC with respect to the spectrum at issue, Boost Mobile could no longer operate as an MNO and was forced to transition to a hybrid MNO business

model under which primary connectivity will be provided by wireless providers other than Defendant, and (ii) Plaintiffs purport to quote and characterize excerpts of a public statement, and Defendant refers to that public statement for its full contents, but denies any characterization thereof that is inconsistent with that public statement.

62.     Defendant denies the allegations in Paragraph 62, except admits that, as a result of the FCC's unforeseen and unprecedented actions and the resulting Transactions, EchoStar was forced to reduce its network deployment workforce, with the majority of impacted employees notified on August 28, 2025.  Defendant further admits that Plaintiffs purport to characterize the public statement referenced therein, and Defendant refers to that public statement for its full contents, but denies any characterization thereof that is inconsistent with that public statement.

63.     Defendant denies the allegations in Paragraph 63, except admits that Plaintiffs purport to quote and characterize excerpts of a public filing, and Defendant refers to that public filing for its full contents, but denies any characterization thereof that is inconsistent with that public filing.

64.     Defendant denies the allegations in Paragraph 64.

65.     Defendant denies the allegations in Paragraph 65.

## IV.     DISH Defaults Under The MLA And SLAs

66.     Defendant denies the allegations in Paragraph 66, except admits that on September 24, 2025, Defendant sent SBA Telecommunications, LLC a letter, attached to the Complaint as Exhibit 3.  Defendant further admits that Plaintiffs purport to quote and characterize excerpts of the letter, and Defendant refers to that letter for its full contents, but denies any characterization thereof that is inconsistent with that letter.

67.     Defendant denies the allegations in Paragraph 67, except admits that on October 15, 2025, SBA Telecommunications, LLC sent Defendant a letter, attached to the Complaint as

Exhibit 4, and Defendant refers to that letter for its full contents, but denies any characterization thereof that is inconsistent with that letter.

68.     Defendant denies the allegations in Paragraph 68, except admits that on October 22, 2025, Defendant sent SBA Telecommunications, LLC a letter, attached to the Complaint as Exhibit 5, and Defendant refers to that letter for its full contents, but denies any characterization thereof that is inconsistent with that letter.  Defendant further admits that Plaintiffs purport to characterize excerpts of the MLA, attached to the Complaint as Exhibit 1, and Defendant refers to the MLA for its full contents, but denies any characterization thereof that is inconsistent with that document.

69.     Defendant denies the allegations in Paragraph 69, except admits that on November 10, 2025, SBA Telecommunications, LLC sent a letter to Defendant, attached to the Complaint as Exhibit 6, and Defendant refers to that letter for its full contents, but denies any characterization thereof that is inconsistent with that letter.

70.     Defendant denies the allegations in Paragraph 70.

71.     Defendant denies the allegations in Paragraph 71, except admits that on December 26, 2025, SBA Telecommunications, LLC sent Defendant a second notice under the MLA, attached to the Complaint as Exhibit 8, and Defendant refers to that notice for its full contents, but denies any characterization thereof that is inconsistent with that notice.

72.     Paragraph 72 contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 72, except admits that (i) on December 12, 2025, Defendant received a first notice under the MLA, and (ii) on December 29, 2025, Defendant received a second notice under the MLA.

73.     Paragraph 73 contains legal arguments or conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 73.

74.     Defendant denies the allegations in Paragraph 74.

75.     Defendant denies the allegations in Paragraph 75.

76.     Defendant denies the allegations in Paragraph 76.

77.     Defendant denies the allegations in Paragraph 77.

78.     Defendant denies the allegations in Paragraph 78.

79.     Paragraph 79 contains legal arguments or conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 79.

80.     Defendant denies the allegations in Paragraph 80.

81.     Defendant denies the allegations in Paragraph 81.

82.     Defendant denies the allegations in Paragraph 82.

83.     Defendant denies the allegations in Paragraph 83.

84.     Defendant denies the allegations in Paragraph 84.

85.     Defendant denies the allegations in Paragraph 85.

86.     Defendant denies the allegations in Paragraph 86.

87.     Paragraph 87 contains legal arguments or conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 87.

<u>**CLAIM FOR RELIEF**</u>

<u>**COUNT I**</u>

<u>**BREACH OF CONTRACT**</u>

88.     Defendant incorporates by reference herein its responses to the preceding paragraphs of the Complaint.

16

89. Defendant denies the allegations in Paragraph 89, except admits that (i) in May 2018, Defendant's subsidiary, Gamma Purchasing L.L.C., n/k/a DISH Wireless Leasing L.L.C., and SBA Telecommunications, LLC entered into the MLA , attached to the Complaint as Exhibit 1, (ii) in February 2021, Defendant and SBA Telecommunications entered into the FAMLA attached to the Complaint as Exhibit 2, (iii) Defendant and various SBA entities entered into the SLAs, and (iii) Plaintiffs purport to characterize those documents, and Defendant refers to those documents for their full contents, but denies any characterization thereof that is inconsistent with those documents.

90. Paragraph 90 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 90.

91. Defendant denies the allegations in Paragraph 91, except admits that Plaintiffs purport to characterize the Agreements, and Defendant refers to those documents for their full contents, but denies any characterization thereof that is inconsistent with those documents.

92. Defendant denies the allegations in Paragraph 92, except admits that Plaintiffs purport to characterize the Agreements, and Defendant refers to those documents for their full contents, but denies any characterization thereof that is inconsistent with those documents.

93. Paragraph 93 contains legal arguments or conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 93.

94. Defendant denies the allegations in Paragraph 94.

95. Defendant denies the allegations in Paragraph 95.

96. Defendant denies the allegations in Paragraph 96.

97. Defendant denies the allegations in Paragraph 97.

## REQUEST FOR RELIEF

No response is required to Plaintiffs' request for relief. To the extent a response is required, Defendant denies that Plaintiffs are entitled to any relief.

## GENERAL DENIALS

Except as otherwise expressly admitted in Paragraphs 1 through 97, Defendant denies each and every allegation contained in Paragraphs 1 through 97 of the Complaint, including, without limitation, the headings, subheadings, subparts, and footnotes contained therein, and specifically denies liability to Plaintiffs, or that Plaintiffs suffered any legally cognizable damages for which Defendant is responsible. Defendant expressly reserves the right to amend and/or supplement its Answer.

With respect to the Paragraphs in the Complaint in which Plaintiffs pray for damages or other relief, Defendant denies that Plaintiffs are so entitled under the law.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative and other defenses. In asserting these defenses, Defendant does not assume the burden with respect to any issue as to which applicable law places the burden on Plaintiffs. Defendant reserves the right to supplement, amend, or delete any or all of the following defenses, as warranted by discovery or other investigation, or as justice may require.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the Complaint fails to state a claim upon which relief can be granted. The Agreements do not require Defendant to continue making payments once the leased antenna and ground space have become unusable as a direct result of the unprecedented and unforeseeable regulatory actions by the FCC, which were unrelated to any of EchoStar's or Defendant's obligations to the FCC and which compelled the involuntary

18

sale and loss of the necessary spectrum licenses essential to Defendant's wireless network operations.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the FCC's actions and the resulting forced sale and loss of the relevant spectrum licenses made it impossible and/or commercially impracticable for Defendant to perform its obligations under the Agreements. The forced sale and loss of those licenses resulted from unforeseeable and unprecedented governmental action outside Defendant's control and unrelated to any of EchoStar's or Defendant's obligations to the FCC, and not due to any act or omission by Defendant. Accordingly, Defendant's performance is excused under the doctrines of impossibility and/or impracticability.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the unforeseeable and unprecedented actions of the FCC, and the resulting forced sale of spectrum licenses, constitute a force majeure event under the MLA. These government actions were unforeseeable and unprecedented, beyond Defendant's control, and unrelated to any of EchoStar's or Defendant's obligations to the FCC. The FCC's actions directly prevented performance under the MLA, and Defendant provided timely notice of the force majeure event.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the principal purpose of the Agreements—enabling Defendant to operate a nationwide wireless network using specific spectrum licenses—has been frustrated by the unprecedented and unforeseeable regulatory actions by the FCC, which were unrelated to any of EchoStar's or Defendant's obligations to the FCC and which compelled the involuntary sale and loss of the spectrum licenses. These government actions were unforeseeable, unprecedented and beyond Defendant's control, and the non-occurrence of

19

these government actions was a basic assumption on which the Agreements were made, thereby excusing or discharging Defendant's obligations under the Agreements, in whole or in part.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because the consideration for the Agreements—access to tower space and fiber transport services for the operation of a wireless network using specific spectrum licenses—has failed as a direct and unforeseeable result of the unforeseeable and unprecedented actions by the FCC, which were unrelated to any of EchoStar's or Defendant's obligations to the FCC, and the resulting involuntary sale and loss of those licenses. As such, any obligation to continue performance under the Agreements are discharged.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs did not take reasonable steps to prevent, reduce and/or mitigate any damage, harm or injury.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred or subject to setoff and/or recoupment to the extent Defendant is entitled to credits, offsets, or other remedies under the Agreements, including but not limited to installation credits, service outage credits, rent abatements, or other amounts due to Defendant under the Agreements.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims for certain categories of damages are barred or limited by the limitation of liability provisions in the Agreements.

WHEREFORE, Defendant respectfully requests that the Court enter judgment:

A.    In favor of Defendant and against Plaintiffs;

B.    Denying all claims for relief asserted by Plaintiffs;

C.    Awarding Defendant costs, including attorneys' fees; and

20

D.      Granting such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Defendant hereby demands a trial by jury on all claims so triable.


Dated: March 16, 2026

**WHITE & CASE LLP**

*/s/ Gregory Starner*
Gregory Starner
Glenn M. Kurtz (*pro hac vice forthcoming*)
Joshua D. Weedman (*pro hac vice forthcoming*)
Robert E. Tiedemann (*pro hac vice forthcoming*)
Camille M. Shepherd (*pro hac vice forthcoming*)
1221 Avenue of the Americas
New York, N.Y. 10020-1095
(212) 819-8200
gkurtz@whitecase.com
jweedman@whitecase.com
rtiedemann@whitecase.com
camille.shepherd@whitecase.com

*Attorneys for Defendant*